**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-21137-KMM

ROCELE ORCHIER,

    Plaintiff,

v.

NCL BAHAMAS LTD d/b/a NORWEIGAN
CRUISE LINE, a Foreign Profit Company.,

    Defendants.

_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

THIS CAUSE came before the Court upon the Complaint filed by Plaintiff Rocele Orchier. ("Compl.") (ECF No. 1). The Complaint alleges that this Court has jurisdiction over this action, but it does not allege the basis of jurisdiction. *See generally id*. Because the Complaint discusses the amount in controversy and citizenship (or residency) of the Parties, the Court interprets the Complaint as arguing that jurisdiction exists pursuant to 28 U.S.C. § 1332. *Id.* ¶¶ 4–11. However, complete diversity between Plaintiff and Defendant is not apparent on the face of the Complaint.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). The Court is obligated to inquire into the question of its jurisdiction over cases brought before it. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Univ. of S. Ala.*, 168 F.3d at 410 ("[I]t is well settled that a federal court is obligated to inquire into subject matter

jurisdiction *sua sponte* whenever it may be lacking."). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410; *see* Fed. R. Civ. P. 12(h)(3).

"If jurisdiction is based on either [diversity or federal question grounds], the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends." *Taylor*, 30 F.3d at 1367. "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007).

Plaintiff files this Complaint asserting jurisdiction based on diversity. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000. *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008). For a natural person, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity." *Taylor*, 30 F.3d at 1367. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citations and internal quotation marks omitted). Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, it is not clear that the Court has subject-matter jurisdiction over this action. The Complaint alleges that "[a]t all times material hereto, the Plaintiff . . . *resides* in Florida." Compl.

¶ 2 (emphasis added).  But Plaintiff is required to allege that she is a citizen of Florida to establish jurisdiction.  *Taylor*, 30 F.3d at 1367.  Plaintiff makes no allegation regarding her citizenship.

Furthermore, while Complaint alleges that Defendant "was a foreign corporation," the Complaint fails to allege a place of incorporation or principal place of business.  *Id*.  Neither is explicitly alleged, as required, and the only facts Plaintiffs allege with respect to Defendant suggest that its principal place of business is actually in Florida.  Compl. ¶¶ 3–5.  Accordingly, Plaintiff fails to meet its burden to establish complete diversity.

If the party invoking the court's jurisdiction fails to do so, it cannot satisfy its burden of establishing diversity of citizenship.  Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry."  *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020).

UPON CONSIDERATION of the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED the above-styled case is **DISMISSED** without prejudice.  Plaintiff may file an amended complaint that properly alleges the basis for invoking diversity jurisdiction on or before May 1, 2023.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of April, 2023.

*[signature: K. M. Moore]*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record